DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRISTINA LIU (CABN 308362)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7199
    Fax: (415) 436-7234
    christina.liu@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN BLECKA, <br><br> Defendant. | NO. 19-311 WHA <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Court: Judge William Alsup <br> Date: January 14, 2020 <br> Time: 9:00 a.m. |

The government submits this sentencing memorandum for the Court's consideration, and recommends a sentence of 78 months of imprisonment and 10 years of supervised release.

## I. INTRODUCTION AND PROCEDURAL HISTORY

Defendant John Blecka pled guilty to one count of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B) and is scheduled for sentencing on January 14, 2020. He admits that he possessed over 150 images and videos of depicting minors engaged in sexually explicit conduct and that,

in at least one instance, he provided one image of child pornography to another person. Dkt. No. 22 ¶ 2 (Plea Agreement). Defendant also admits to knowing that some of the depicted minors were under twelve years old, and that some of the materials in his possession portrayed the sexual exploitation of infants or toddlers and contained sadistic or masochistic images. *Id.*

## II.   FACTUAL BACKGROUND AND THE OFFENSE CONDUCT

Defendant grew up in a loving family and a supportive environment where his needs were met and with no history of physical or sexual abuse. PSR ¶¶ 53, 54. He participated in high school sports, the youth group at his church, and Boy Scouts of America activities. *Id.* ¶ 53. Defendant did well in school, earned a Master's Degree in taxation, and worked as a certified public accountant and investment advisor with approximately 400 clients and 59 client investment accounts. *Id.* ¶¶ 53, 64, 67, 69. Outside of work, he volunteered extensively with his local Boy Scouts organization and served as an Assistant Wolf Den Leader, Cub Scout Bear Den Leader, Troop Scoutmaster, and Troop Committee Chairman. *Id.* ¶ 58. In these capacities, he worked closely with young children on a regular basis for ten years. *See id.*

[redacted]

---

[1] This individual has submitted a statement that s/he respectfully requests the Court consider at sentencing. The statement is attached to this filing as Exhibit A-2. The individual has indicated that s/he wishes to attend the January 14, 2020 sentencing hearing and to read the statement to the Court.

Years later, in May 2019, defendant committed the offense conduct and possessed over 150 images and videos of child pornography, even though he knew the production of these materials involved the use of minors engaged in sexually explicit activities. Dkt. No. 22 ¶ 22. Defendant possessed these images and videos, and in one instance distributed one of these images to another person, *id.*, even though he knew his conduct was harmful and wrong.

By accessing these child pornography images and videos for his arousal and masturbation, *see* PSR ¶ 10, defendant inflicted severe and lasting harm to the victims depicted in the child pornography materials—victims who were forced into sexually explicit activities and who must now cope with the knowledge that the recordings of their sexual abuse were, and continue to be, viewed by defendant and countless others for their own sexual gratification. Specific examples of the sexual abuse and trauma that these victims suffered, and continue to suffer, are highlighted in the PSR at paragraphs 18 through 25. The victim impact statements in this case are attached as Exhibit A-1, so that the Court can review them in their entirety.

### III.  SENTENCING CALCULATIONS AND RECOMMENDATION

#### A.  Criminal History Category

The government agrees with the calculations in the PSR of defendant's criminal history score as 0 and his criminal history category as I. PSR ¶ 47.

#### B.  Sentencing Guidelines Calculation

The government agrees with the calculation in the PSR of defendant's total offense level as 28, which accounts for his acceptance of responsibility. *Id.* ¶ 43; *see* Dkt. No. 22 ¶ 7. With this calculation, defendant's Sentencing Guidelines range is 78 to 97 months.

### C.      Sentencing Recommendation

The government recommends a custodial sentence of 78 months, which is an appropriate sentence based on the sentencing factors set forth in 18 U.S.C. § 3553(a).

#### 1.      The Nature and Circumstances of the Offense Conduct

As discussed, defendant admits that he possessed over 150 images and videos visually depicting minors engaged in sexually explicit conduct, including depictions of infants, toddlers, and sadistic and masochistic activities. Dkt. No. 22 ¶ 2. Defendant also admits that he distributed at least one image of child pornography to another person. *Id.*

In an interview with law enforcement officers, defendant described how he visited chat rooms and received pictures of young female children, some of whom were "definitely under 18 or 21." PSR ¶ 10. Although he knew this conduct "was not right" and that he "shouldn't be on those sites," defendant nonetheless possessed the images and videos, and took care to segregate these child pornography materials to one computer device so that no one else would find out. *Id.*

Defendant's possession and distribution of the more than 150 images and videos of child pornography caused substantial harm to the victims, as detailed in the victim impact statements. *See* Ex. A-1. These victims were sexually abused when the images and videos were taken, and they suffer lasting trauma as a result of their knowledge that defendant and others have, and will continue to, view and share the recordings of the these tremendously painful experiences. The nature and circumstances of the offense conduct support a significant sentence of imprisonment. *See* § 3553(a)(1).

#### 2.      The History and Characteristics of Defendant

Defendant enjoyed a loving childhood, free of abuse and neglect, as well as several academic, professional, and volunteer-based accomplishments. As a Boy Scouts volunteer and leader, he guided young children through activities and took on a position of trust in the community. Defendant knew it was important for children to grow up in safe and healthy environments, and yet he chose to possess and distribute child pornography materials, knowing that the production of these materials involved the sexual exploitation of minor victims.

SENTENCING MEMORANDUM
CR 19-311 WHA                                            4

Defendant's criminal conduct in this case was not the only instance in which he engaged in inappropriate behavior. ████████████████████████████████████████████

Thus, defendant's history and characteristics demonstrate the need for a significant custodial sentence. *See* § 3553(a)((1).

### 3. Respect for the Law, Adequate Deterrence, and Community Safety

The possession and distribution of child pornography materials inflict substantial harm on the minor victims and cause them long-lasting injuries. A 78-month term of imprisonment in this case would reflect the gravity of the offense conduct and promote respect for the law. *See* § 3553(a)(2)(A). This defendant would be specifically deterred from engaging in such conduct again. *See* § 3553(a)(2)(B). In addition, a significant custodial sentence in this case would help with efforts to protect the community and to generally deter other individuals from possessing or distributing child pornography materials. *See* §§ 3553(a)(2)(B), (C).

For these reasons, and in particular, defendant's position of trust within the Boy Scouts community and his inappropriate actions toward the child discussed above, the government recommends a sentence of 78 months of imprisonment. With respect to supervised release, the government agrees with the recommendation in the PSR for a 10 year term.

//
//
//
//
//
//

SENTENCING MEMORANDUM
CR 19-311 WHA                                           5

## IV. CONCLUSION

The government recommends a sentence of 78 months of imprisonment and 10 years of supervised release.

DATED: January 7, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/ *Christina Liu*
CHRISTINA LIU
Assistant United States Attorney