DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRISTINA LIU (CABN 308362)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7199
    Fax: (415) 436-7234
    christina.liu@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN BLECKA,<br><br>    Defendant. | NO. 19-311 WHA<br><br>**UNITED STATES' OPPOSITION IN RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE**<br><br>Court:  Judge William Alsup<br>Date:   January 14, 2020<br>Time:  9:00 a.m. |

    The United States, by and through undersigned counsel, respectfully responds to some of the issues raised in the sentencing memorandum by defendant John Blecka.

**I.    Dr. Coles's opinion that defendant has a low risk of reoffending does not properly account for defendant's own statements and actions.**

    The opinion by Dr. Jeremy Coles that defendant has an "extremely low risk of committing a future sex offense" does not square with defendant's online activities or his inappropriate interactions

with an underage female child in his community.

According to the report of defendant's May 29, 2019 interview, defendant visited online chatrooms for the purposes of arousal and masturbation, and had online conversations with underage girls in which they discussed topics such as their molestation experiences. *See* Ex. B to Decl. in Support of United States' Opposition, at 6-8. Defendant also affirmatively sought out images of underage children, such as by running internet searches for "Lil nude girls videos," "Incest preteens videos," and other targeted search terms. *See* PSR ¶ 11.

Moreover, defendant engaged in several inappropriate and sexualized gestures, behaviors, and remarks to and toward a particular underage girl in his community, as described in Exhibit A-2 of the declaration in support of the government's sentencing memorandum, *see* Dkt. No. 31-2, and as summarized in the government's sentencing memorandum, *see* Dkt. No. 34.

Dr. Coles's opinion that defendant is a low-risk reoffender is at odds with defendant's own statements and actions in seeking out sexualized and underage content online for sexual pleasure, and with acting inappropriately toward an underage girl in his own life. Thus, Dr. Coles's conclusion should be taken with a grain of salt because it is inconsistent with defendant's actual behavior and conduct.

## II. Defendant's contributions to the community do not justify a more lenient sentence.

At the time of the offense conduct, defendant was a prominent leader and well-known volunteer with his local Boy Scouts organization, where he had access to and worked closely with several young children over the years. *See* PSR ¶ 10. Based on the voluminous letters of support, defendant remains a well-known member of the community and has formed lasting relationships with many people that he met through Boy Scouts.

Defendant's extensive volunteer work in the community, however, does not mitigate the gravity of his criminal conduct. Defendant victimized scores of underage children by viewing, possessing, and sharing images and videos of their sexual exploitation and sexual abuse, thus contributing to the market for child pornography distribution and production – and all for his own sexual pleasure.

## III. A significant term of imprisonment is necessary to achieve the purposes of sentencing.

The 24-month term of imprisonment that defendant requests will not adequately accomplish the

goals of sentencing. Just punishment must reflect the seriousness of defendant's crime and the long-lasting injuries suffered by the victims as a result of his conduct. A lenient sentence would promote disrespect for the law and would not deter defendant or others from committing this offense in the future. The 78-month custodial sentence recommended by the government is appropriate and warranted by the defendant-specific and conduct-specific facts in this case.

## IV. CONCLUSION

The United States respectfully requests that defendant's motion for downward variance be denied.

DATED: January 10, 2020                    Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/ *Christina Liu*
CHRISTINA LIU
Assistant United States Attorney